1  JAMES McMANIS (40958)
   ABIMAEL BASTIDA (303355)
2  McMANIS FAULKNER
   a Professional Corporation
3  50 West San Fernando Street, 10th Floor
   San Jose, California 95113
4  Telephone: (408) 279-8700
   Facsimile: (408) 279-3244
5  Email: abastida@mcmanislaw.com

6  Attorneys for Plaintiff,
   ROSALINA CALONGE

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11 ROSALINA CALONGE, an individual and      Case No.
   successor in interest to FRANCIS CALONGE,
12 deceased,                                 **COMPLAINT FOR DAMAGES,**
                                             **DECLARATORY AND INJUNCTIVE**
13          Plaintiff,                       **RELIEF**

14      vs.                                  **DEMAND FOR JURY TRIAL**

15 CITY OF SAN JOSE, a municipal public
   entity; EDWARD CARBONI, individually;
16 and, DOES 1-50, inclusive,

17          Defendants,

18      and

19 FRANCISCO CALONGE, an individual,

20          Nominal Defendant.

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

1.    In 2019, the California Legislature found and declared: "That the authority to use physical force, conferred on peace officers by [Penal Code § 835a], is a serious responsibility that shall be exercised judiciously and with respect for human rights and dignity and for the sanctity of every human life."  Pen. Code, § 835a(a)(1).

2.    This action is brought to redress the killing of Francis Calonge ("Decedent," "Francis," or "Francis Calonge")[1] at the hands of members of the San Jose Police Department. On October 31, 2019, San Jose Police Officer Edward Carboni shot Francis, who suffered from mental illness, in the back, without legal justification.  Francis died on the scene.

## JURISDICTION AND VENUE

3.    This action arises under 42 U.S.C. § 1983, the Constitution of the United States, the Constitution of the State of California, and California state law.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because the action arises therein, and a substantial part of the events giving rise to this action occurred therein.

## INTRADISTRICT ASSIGNMENT

5.    Assignment of this action to the San Jose Division is proper under Civil Local Rules 3-2(c) and 3-2(e), because a substantial part of the events giving rise to the claims alleged herein occurred in the City of San Jose, County of Santa Clara.

## PARTIES

6.    Decedent Francis Calonge was an individual residing in the City of San Jose, County of Santa Clara.  Decedent died intestate, unmarried and without children.

7.    Plaintiff Rosalina Calonge ("Plaintiff" or "Rosalina") is and at all times herein mentioned was an individual residing in the City of San Jose, County of Santa Clara.  Plaintiff is the mother of Decedent.  Plaintiff brings these claims individually and as mother and

---

[1] Mr. Calonge will be referred to herein variously as "Francis" and "Francis Calonge" for the sake of clarity. *In re Marriage of Olsen*, 24 Cal. App. 4th 1702, 1704, n.1 (1994).

1    Successor in Interest for her son, Francis Calonge, and is entitled to bring these claims pursuant

2    to California Code of Civil Procedure §§ 377.30, 377.60, and federal laws.  Plaintiff has

3    complied with the requirements of Code of Civil Procedure § 377.32 by concurrently filing a

4    declaration, attached as Exhibit A, attesting to her capacity as Successor in Interest for Francis

5    Calonge.

6         8.    Defendant, the City of San Jose ("City"), is a public entity duly authorized and

7    existing as such in and under the laws of the State of California, with the capacity to sue and be

8    sued.  At all times herein mentioned, the City is responsible for the actions, omissions, policies,

9    procedures, practices, and customs of its various agents and agencies, including the San Jose

10   Police Department ( "SJPD").  At all times herein mentioned, the City has possessed the power

11   and authority to adopt policies and prescribe rules, regulations and practices affecting the

12   operation of the SJPD and its tactics, methods, practices, customs, and usage.  At all times

13   relevant to the facts alleged herein, the City was responsible for assuring that the actions,

14   omissions, policies, procedures, tactics, methods, practices, and customs of the SJPD and its

15   employees and agents, including Does 1 through 50, inclusive, complied with the laws of the

16   State of California, federal laws, and the United States Constitution.

17        9.    The City, at all times herein mentioned, was the employer of Officer Edward

18   Carboni, and Does 1-50, inclusive.

19        10.   Defendant Edward Carboni ("Officer Carboni") is, and at all times herein

20   mentioned was, an officer of the SJPD.  Officer Carboni shot and killed Decedent.  Officer

21   Carboni is sued in his individual capacity.

22        11.   At all times mentioned herein, defendants, including Does 1-50, inclusive, were

23   agents of the SJPD, or employed by the City and acting within the course and scope of their

24   employment.  They are sued in their individual capacities.

25        12.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as

26   Does 1-50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff

27   will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff

28   is informed and believes and thereon alleges that each of the fictitiously named defendants is

responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were proximately caused by their conduct.  Any reference in this complaint to "defendants" also refers to Does 1-50 (but not to Nominal Defendant Francisco Calonge).

13.     At all times herein mentioned, defendants, including those sued herein as Does 1 through 50, were the agents, servants, and employees of their co-defendants and in doing the things herein alleged were acting in the scope of their authority as such agents, servants and employees, under the direction and supervision and with the permission and consent of their co-defendants.  At all times herein mentioned, defendants, including those sued herein as Does 1 through 50, provided each other with armed backup and aided, abetted, or conspired in the violation of Francis Calonge's rights and those of Plaintiff.

14.     Nominal defendant Francisco Calonge ("Nominal Defendant") is an individual whose place of residence is unknown to Plaintiff.  Nominal Defendant is sued here in his individual capacity, in an abundance of caution, as a party who might attempt to assert an interest in this action under California Code of Civil Procedure section 377.60.

**GENERAL ALLEGATIONS**

15.     On October 31, 2019, at approximately 12:00 p.m., Francis was at home with Plaintiff having lunch.  After lunch Francis told Plaintiff he was going to visit a friend that afternoon but promised to return in time for Plaintiff and Francis to hand out candy to children trick-or-treating that evening.  That was the last time Plaintiff spoke with Francis.

16.     Later that afternoon, as Francis was walking near the intersection of Jackson Avenue and McKee Road, members of the SJPD arrived responding to an alleged report of someone brandishing a gun.  Multiple marked patrol vehicles arrived on the scene and parked, with their emergency light bars activated.

17.     Francis, who suffered from schizophrenia for years, and who showed signs that he may have been in in the midst of a psychotic episode, began to walk away from the SJPD police officers.  As he was walking away, Francis had not drawn a firearm, nor was he making gestures that any reasonable officer could construe as threatening.  Officer Carboni could not see Francis' waistband as he was facing northbound.

18.     As Francis was walking slowly away from SJPD police officers, he was followed by a marked SJPD SUV and at least six (6) officers on foot, with their guns drawn. Multiple officers were yelling commands at Francis in rapid succession.  Francis was described as "looking through" the officers and walking "like a robot."  He did not say anything in response to the repeated verbal commands.  A reasonable officer in defendants' position would have perceived that Francis did not fully comprehend the officers' commands, and that Francis was unable to comprehend the situation in the same manner as someone who does not suffer from schizophrenia, or who is not experiencing symptoms of psychosis.

19.     As Francis continued to walk north alongside a cement wall in front of some residences, Officer Carboni positioned himself up against a tree, and ordered his fellow SJPD officers to get out of his way, so that he could shoot Francis.  Plaintiff is informed and believes and thereon alleges that Officer Carboni intended to kill Francis as soon as possible once there was a suitable "backstop" behind Francis (i.e., an area behind a target that can stop a round of ammunition), regardless of whether or not Francis presented an imminent threat to anyone at or near the time of the shooting.  In making the decision to kill Francis, Officer Carboni inappropriately ignored the possibility that Francis' mental health was compromised at the time. Mere seconds went by after Officer Carboni ordered others to get out of his way, before Carboni fired his rifle, shooting Francis in the back.  At the time of the shooting, Francis had not drawn a gun of any kind.  Francis could not have drawn a real gun, because he was not in possession of a real gun at the time; Francis had only a replica BB gun.  Plaintiff is informed and believes and thereon alleges that Officer Carboni failed to warn Francis that he was going to use lethal force before firing on Francis and killing him.

20.     Based upon a Facebook post available at https://www.facebook.com/SanJosePD/posts/welcome-homethis-week-officers-georgina-barajas-edward-carboni-michael-short-jar/1978880632149256/, Plaintiff is informed and believes that Officer Carboni was sworn in to the SJPD in October of 2018.  Plaintiff is informed and believes, and thereon alleges, that Carboni had some experience with the San Jose State University Police Department, before joining the SJPD.  Plaintiff is further informed and believes, and thereon alleges, that Officer

Carboni also discharged his department-issued firearm during an earlier May 4, 2019 officer-involved shooting, in which the suspect died and a sergeant was struck by a car and injured, and which was investigated by the Santa Clara County District Attorney's Office.

21.     Defendants failed adequately to evaluate behavioral cues to determine Francis' mental illness.  Defendants also failed to use de-escalation tactics to calm the situation.

22.     At the time defendants shot Francis in the back, there was no immediate exigency to do so.  Defendants' conduct failed to adhere to generally accepted standards of police conduct, including but not limited to, California Commission on Peace Officer Standards and Training ("POST") Learning Domain 37 ("POST Learning Domain 37").  Among other things, POST Learning Domain 37 trains officers to recognize the general indicators of mental illness, including schizophrenia, and respond appropriately, for example, by "[t]ak[ing] time to assess the situation," "if possible, avoid[ing] physical contact if no violence or destructive acts have taken place," and recognizing that "[t]hreats may create additional fright, stress, or potential aggression."  (Basic Course Workbook Series Student Materials Learning Domain 37 People with Disabilities Version 6.0 (April 2016 Update), pp. 4-4 to 4-16.)  Francis Calonge was killed with unreasonable and excessive force, with an unconstitutional purpose to cause harm, and with deliberate indifference to Francis' safety, health, and life.

23.     Before his death, Francis was the son of Plaintiff, who was dependent upon Francis for support, maintenance, and/or services.

24.     As a direct and proximate result of the acts and omissions of defendants as set forth herein, including the gross negligence, carelessness, and deliberate indifference to Francis Calonge's safety and constitutional rights, and the wrongful death of Francis Calonge, Plaintiff has sustained pecuniary loss resulting from the loss of Francis' support, maintenance, and/or services, according to proof at the time of trial.  Plaintiff also sustained pecuniary loss resulting from the loss of Francis' care, comfort, and society, as well as emotional distress.

25.     As a direct and proximate result of the actions and omissions of defendants described herein, Plaintiff has incurred expenses for Francis' funeral, and other post-shooting expenses, according to proof at the time of trial.

26.     From the time of his injuries inflicted by defendants on October 31, 2019, until his death or loss of consciousness, Francis Calonge consciously suffered great physical and mental pain, shock, and agony.

27.     As a direct and proximate result of the actions and omissions of defendants described herein, Francis Calonge suffered personal injury, including death, bodily injury, physical pain, and deprivation of his constitutional rights, according to proof at the time of trial.

28.     Plaintiff is informed and believes, and thereon alleges, that defendants failed to discipline any SJPD employee, agent, or representative for the wrongful death of Francis Calonge, including but not limited to, Officer Carboni.

29.     Plaintiff served a claim against defendants on March 27, 2020, for the conduct alleged herein, in compliance with California's Government Claims Act, Government Code § 810 et seq. ("Government claim").  On April 24, 2020, the City rejected the Government claim by letter.

30.     Before filing this action, on or about January 13, 2020, Plaintiff made public records requests for information regarding Francis' death, including but not limited to, requests for footage recorded by the officers' body worn cameras.  To date, however, the City has not produced all responsive records, including all body camera footage.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Fourth Amendment – Excessive Force
### (Rosalina Calonge as Successor in Interest to Decedent
### against Officer Carboni and Does 1-50)

31.     Plaintiff incorporates herein the preceding paragraphs of this Complaint to the extent relevant, as if fully set forth.

32.     Plaintiff brings this claim for relief pursuant to 42 U.S.C. § 1983, and Cal. Code Civ. Proc. § 377.30 in her capacity as the Successor in Interest of Francis Calonge.

33.     The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the plaintiff with respect to this claim for relief, had he lived.

34.     Defendants, acting under color of state law, deprived Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including

6

those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Decedent to excessive force, and acting with deliberate indifference to Decedent's life, health, and safety.

35.     Plaintiff is informed and believes, and thereon alleges, a significant number of law enforcement interactions within the jurisdiction of the SJPD occur with persons who are mentally ill and/or emotionally distressed.  Plaintiff is informed and believes, and thereon alleges, that special law enforcement procedures, tactics, and techniques must be employed in interactions with such persons to prevent injury to the mentally ill and/or emotionally distressed subject, members of the public, and law enforcement.  Defendants' failure to deploy these tactics was reckless, grossly negligent, and deliberately indifferent to Francis' life, health, and safety.

36.     Defendants' wrongful acts and deliberate indifference resulted in the deprivation of the constitutional rights of Decedent, including but not limited to, the right to be free from unreasonable searches and seizures.

37.     As a direct and proximate result of defendants' conduct alleged herein, Decedent sustained injuries and damages.

38.     Plaintiff is informed and believes, and thereon alleges, that defendants' acts alleged above were done with malice, fraud, and oppression, and in reckless disregard of Plaintiff's constitutional rights, justifying an award of exemplary and punitive damages.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Fourteenth Amendment – Deprivation of Right to Familial Relationships with Decedent**
**(Rosalina Calonge against Officer Carboni and Does 1-50)**

39.     Plaintiff incorporates herein the preceding paragraphs of this Complaint to the extent relevant, as if fully set forth.

40.     Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of her right to a familial relationship with Decedent by seizing Decedent using unreasonable, unjustified deadly force and violence, causing injuries which resulted in Decedent's death, in violation of Plaintiff's rights under the Fourteenth Amendment to the

7

1    United States Constitution.

2       41.    The shooting of Francis Calonge was intended to, or reasonably likely to, cause

3   harm unrelated to the legitimate object of any arrest.  Even accounting for earlier alleged reports

4   that Francis had brandished a gun, when Officer Carboni shot Francis, Francis had not drawn a

5   gun of any kind.  Plaintiff is informed and believes, and thereon alleges, that Officer Carboni

6   formed the intent to kill Francis as soon as soon as possible once there was a suitable

7   "backstop" behind Francis, for the sake of convenience, and not based on any reasonable belief

8   that Francis presented an imminent threat at the time.

9       42.    Defendants' acts were arbitrary and capricious, and amount to such a severe

10   abuse of government power that they shock the conscience.

11      43.    As a direct and proximate result of defendants' conduct alleged herein, Plaintiff

12   suffered harm and damages.

13      44.    Plaintiff is informed and believes, and thereon alleges, that defendants' acts

14   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

15   Plaintiff's constitutional rights, justifying an award of exemplary and punitive damages.

16                    **THIRD CLAIM FOR RELIEF**

17         **Wrongful Death – California Code of Civil Procedure § 377.60**
        **(Rosalina Calonge against the City of San Jose, Officer Carboni,**

18               **Does 1-50, and Nominal Defendant)**

19      45.    Plaintiff incorporates herein the preceding paragraphs of this Complaint to the

20   extent relevant, as if fully set forth.

21      46.    Plaintiff is a proper party with standing pursuant to Cal. Code Civ. Proc. §

22   377.60 to pursue her remedies for the wrongful death of Francis Calonge.

23      47.    Defendants, acting under color of state law, deprived Francis Calonge of rights,

24   privileges, and immunities secured by the Constitution and laws of the United States, including

25   those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other

26   things, subjecting Francis to excessive force, acting with an unconstitutional purpose to cause

27   harm and with deliberate indifference to his life, health, and safety, and violating Plaintiff's

28   fundamental liberty interest in her familial relationship with Francis.

48.     Defendants owe members of the public a duty of reasonable care in the exercise of deadly force.  Defendants breached this duty of care through their conduct alleged herein, including their tactical conduct and decisions preceding the shooting.  Defendants unreasonably failed to use de-escalating techniques, and unreasonably failed to attempt to resolve the situation with less lethal force options.  Defendants unreasonably failed to take into account Francis' apparent mental health condition.  Defendants intentionally shot and killed Francis even though he did not have a gun drawn and did not present an imminent threat at the time he was shot.  Under the totality of the circumstances, the use of deadly force was unreasonable.

49.     By their wrongful acts, defendants killed Francis.

50.     As a direct and proximate result of defendants' conduct alleged herein, Plaintiff suffered harm and damages.

**FOURTH CLAIM FOR RELIEF**

**Violation of California Civil Code § 52.1 (Rosalina Calonge as Successor in Interest to Decedent against the City of San Jose, Officer Carboni, and Does 1-50)**

51.     Plaintiff incorporates herein the preceding paragraphs of this Complaint to the extent relevant, as if fully set forth.

52.     Plaintiff brings this claim for relief pursuant to Cal. Code Civ. Proc. § 377.30 in her capacity as the Successor in Interest of Decedent.

53.     The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the plaintiff with respect to this claim for relief had he lived.

54.     Defendants' conduct alleged herein interfered with, or constituted an attempt to interfere with, Decedent's rights under the Fourth, and Fourteenth Amendments to the United States Constitution, and article I, sections 1, 7, and 13 of the California Constitution, through violence or the threat of violence.

55.     Not only did defendants intend to use force against Decedent, defendants intended to use unreasonable force against Decedent.  Defendants formed the intent to kill without conducting an adequate investigation and without making a good faith assessment of any alleged danger to themselves or others presented by Francis, who suffers from mental

1    illness and was not in possession of a real gun.  Defendants acted on their prematurely formed

2    intent to kill, even though Francis did not draw a gun or any other weapon at the time he was

3    shot and killed.

4        56.    As a direct and proximate result of defendants' wrongful acts alleged herein,

5    Decedent was injured as set forth herein, and is entitled to statutory damages under Cal. Civ.

6    Code § 52, as well as other damages according to proof.

7        57.    Plaintiff is informed and believes, and thereon alleges, that defendants' acts

8    alleged above were done with malice, fraud, and oppression, and in reckless disregard of

9    plaintiff's constitutional rights, justifying an award of exemplary and punitive damages.

10                        **FIFTH CLAIM FOR RELIEF**

11                  **Violation of California Civil Code § 52.1**
     **(Rosalina Calonge against the City of San Jose, Officer Carboni, and Does 1-50)**
12

13       58.    Plaintiff incorporates herein the preceding paragraphs of this Complaint to the

14   extent relevant, as if fully set forth.

15       59.    Defendants' conduct alleged herein interfered with, or constituted an attempt to

16   interfere with, Plaintiff's fundamental liberty interest in her familial relationship with Francis,

17   in violation of the Fourteenth Amendment to the United States Constitution, through violence or

18   the threat of violence.  *See, e.g.*, *Smith v. City of Fontana*, 818 F.2d 1411, 1417-20 (9th Cir.

19   1987), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987), *overruled on other*

20   *grounds in Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1041, n.1 (9th Cir. 1999).

21       60.    As a direct and proximate result of defendants' wrongful acts alleged herein,

22   Plaintiff was injured as set forth herein, and is entitled to statutory damages under Cal. Civ.

23   Code § 52, as well as other damages according to proof.

24       61.    Plaintiff is informed and believes, and thereon alleges, that defendants' acts

25   alleged above were done with malice, fraud, and oppression, and in reckless disregard of

26   plaintiff's constitutional rights, justifying an award of exemplary and punitive damages.

27   ///

28   ///

**SIXTH CLAIM FOR RELIEF**

**Battery (Rosalina Calonge as Successor in Interest to Decedent Francis Calonge against the City of San Jose, Officer Calonge, and Does 1-50)**

62.     Plaintiff incorporates herein the preceding paragraphs of this Complaint to the extent relevant, as if fully set forth.

63.     Plaintiff Rosalina Calonge brings this claim for relief pursuant to Cal. Code Civ. Proc. § 377.30 in her capacity as the Successor in Interest of Decedent.

64.     The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the plaintiff with respect to this claim for relief had he lived.

65.     In performing the acts alleged herein, defendants intentionally touched, or caused lethal projectiles to touch, Decedent.

66.     Defendants used unreasonable and excessive force to seize Decedent.

67.     Decedent did not consent to defendants' use of force.

68.     As a direct and proximate result of defendants' conduct alleged herein, including but not limited to, defendants' use of unreasonable and excessive force, Decedent sustained injuries and damages.

69.     Plaintiff is informed and believes, and thereon alleges, that defendants' acts alleged above were done with malice, fraud, and oppression, and in reckless disregard of plaintiff's constitutional rights, justifying an award of exemplary and punitive damages.

**SEVENTH CLAIM FOR RELIEF**

**California Public Records Act – Failure to Produce Public Records (Rosalina Calonge against the City of San Jose)**

70.     Plaintiff incorporates herein the preceding paragraphs of this Complaint to the extent relevant, as if fully set forth.

71.     Plaintiff is an individual "person" and "member of the public" as those terms are defined in the California Public Records Act ("CPRA").  *See* Gov. Code, § 6252(b)-(c).

72.     The City is a "local agency" and a "public agency" as those terms are defined in the CPRA (*see* Gov. Code, § 6252(a), (d)), and as such, is subject to the public disclosure

1    requirements of article I, section 3(b) of the California Constitution and the CPRA, Government

2    Code § 6250 et seq.  Plaintiff is informed and believes and thereon alleges that the City is the

3    legal custodian of the records at issue here.

4            73.    Pursuant to an in-person request, on or about January 9, 2020, the City sent an

5    edited "Community Briefing" video regarding the incident, which includes some body worn

6    camera footage, to Plaintiff.  The video contains only a segment of body worn camera footage

7    from two out of at least six officers at the scene of the incident, and does not appear to be

8    complete.  In particular, the video did not purport to include footage from an officer who

9    claimed to have the best angle on Francis.

10           74.    On or about January 13, 2020, Plaintiff made a written request to the City for

11   records regarding the October 31, 2019 shooting, through the SJPD and the City Attorney's

12   Office.  Among other records, Plaintiff requested the following: "Any video or audio

13   recordings, including but not limited to 911 audio, dash camera/MVARS video, body camera

14   video, and CAD/Radio traffic, taken on October 31, 2019, with regard to the incident"

15   ("Request 1").  Plaintiff also requested: "Any records, including handwritten notes, reports,

16   letters, emails, or memoranda relating to the incident" (Request 2), and "All recorded

17   observations of Mr. [Francis] Calonge, his actions, and interactions between police officers and

18   Mr. Calonge" ("Request 3").

19           75.    On or about January 26, 2020, the City sent a letter responding to Request 1 with

20   a link to the same edited "Community Briefing" video previously sent to Plaintiff.  The City's

21   letter stated that additional records responsive to Requests 1 and 2 "are not yet available for

22   release as the case is still an active investigation.  An update will be provided by February 26,

23   2020."  As to Request 3, the City's letter stated a separate response would be provided by the

24   Operational Support Services Division.

25           76.    No update was provided on February 26, 2020.  Instead, on or about March 2,

26   2020, the City, through its SJPD, sent an email stating: "This request has required coordination

27   with the City Attorney's Office (CAO).  The most recent communication regarding your request

28   occurred today with the CAO and further direction is expected to be provided by March 6,

1    2020.  An update will be provided to you at that time."

2              77.    On or about March 6, 2020, the City, through its SJPD, sent a letter stating, with

3    regard to Requests 1 and 2:

4              The Department has conferred with the District Attorney's Office
               and confirmed that the criminal investigation in this matter is still
5              ongoing.  Additionally, the District Attorney's Office has advised
               us that disclosure of these records could be reasonably expected to
6              interfere with their criminal enforcement investigation, and
               therefore we will not be producing additional records pertaining to
7              this incident at this time pursuant to Government Code Section
               6254(f)(4)(A)(ii) and Penal Code Section 832.7(b)(7)(A)(ii).
8
               An update on the status of your request will be provided every 30
9              days.  The next update will be provided by April 6, 2020.

10             The City asked for clarification on Request 3, as follows: "Please clarify if you are

11   seeking any record which recorded observations, including reports, or if your request is only

12   seeking body worn camera footage."

13             78.    On or about April 6, 2020, the City, through its SJPD, sent an email stating the

14   Department (i.e., the SJPD) required additional time to respond to Plaintiff's request.  The email

15   referenced the COVID-19 pandemic and stated, "[a]n update will be provided by May 6, 2020."

16             79.    On or about April 7, 2020, the Santa Clara County District Attorney's Office

17   concluded its investigation into the shooting death of Francis Calonge.

18             80.    On or about April 12, 2020, Plaintiff, through counsel, provided a response to

19   the City's request for clarification on Request 3, stating that the request, "seeks all records

20   which recorded observations of Mr. Calonge, including reports, notes, audio or video

21   recordings, or 911 call recordings."

22             81.    On or about April 21, 2020, Plaintiff, through counsel, sent the City an email

23   asking for an update on Plaintiff's CPRA Request, in light of the conclusion of the District

24   Attorney's investigation.

25             82.    On or about April 29, 2020, the City, through its SJPD, replied to counsel's

26   April 21, 2020 email, indicating, "[t]he City is in the process of reviewing and redacting the

27   report in preparation for public disclosure.  The City anticipates that the report will be released

28   by May 7, 2020."  However, the City claimed additional time was required to "address the

1    remaining records" responsive to Plaintiff's request, and stated, "[a]n update for these records

2    will be provided by May 29, 2020."

3         83.    On or about May 7, 2020, the City produced a redacted SJPD Police Report

4    GO#SJ2019-193040546 ("SJPD Report") in response to Request No. 2.  The City claimed

5    redactions were made to the SJPD Report to protect personal identifying information, and to

6    preserve the anonymity of complainants and witnesses under Penal Code § 832.7(b)(5)(B).  The

7    City also stated that the Department (i.e., the SJPD) required additional time to address Request

8    2 and that, "an update will be provided by May 29, 2020."

9         84.    On or about May 14, 2020, the City, through its SJPD, sent a letter regarding

10   Request 3.  The letter stated the agency does not provide information and/or records that are the

11   result of name searches requested under the CPRA, and claimed that, "[d]oing so would be in

12   violation of California Constitution Article 1, Section 1 and California Government Code

13   section 6254(c)."  Plaintiff does not agree that the City may withhold responsive records under

14   this rationale or these authorities.  The City asserted that "other reports" were exempt under

15   California Government Code § 6254(f), but did not specifically address any other records that

16   would have been responsive to Request 3 and that concerned the October 31, 2019 incident.

17        85.    On or about May 19, 2020, Plaintiff, through counsel, wrote to the City further

18   clarifying that Plaintiff sought all recorded observations related to the October 31, 2019

19   incident.

20        86.    On or about May 29, 2020, the City, through its SJPD, emailed Plaintiff's

21   counsel stating additional time is required to process Plaintiff's CPRA Request, and that, "[a]n

22   update will be provided by June 29, 2020."

23        87.    On or about June 29, 2020, the City, through its SJPD, emailed Plaintiff's

24   counsel stating additional time is required to process Plaintiff's CPRA Request, and that, "[a]n

25   update will be provided by July 29, 2020."

26        88.    On or about July 29, 2020, the City, through its SJPD, emailed Plaintiff's

27   counsel stating additional time is required to process Plaintiff's CPRA Request, and that, "[a]n

28   update will be provided by August 28, 2020."

89.     On or about August 28, 2020, the City, through its SJPD, emailed Plaintiff's counsel stating additional time is required to process Plaintiff's CPRA Request, and that, "[a]n update will be provided by September 28, 2020."

90.     On or about September 28, 2020, the City, through its SJPD, emailed Plaintiff's counsel stating additional time is required to process Plaintiff's CPRA Request, and that, "[a]n update will be provided by October 28, 2020."

91.     Despite reasonable efforts to meet and confer regarding the City's repeated extensions and failure to produce documents, the City continues to grant itself thirty-day extensions without an end in sight.  Nine months have passed since Plaintiff's January 13, 2020 CPRA Request.  Six months have passed since the conclusion of the District Attorney's investigation.

92.     Plaintiff's CPRA request is governed by article 1, section 3(b) of the California Constitution, the CPRA, the presumptive common law right of access, and any other applicable open government law.  Such laws include, but are not limited to, Senate Bill 1421, codified at Penal Code §§ 832.7 and 832.8.

93.     Under Penal Code § 832.7(b)(1)(A)(i)-(ii), records relating to the report, investigation, or findings of incidents involving the discharge of a firearm at a person by a peace officer or in which the use of force by a peace officer against a person resulted in death or great bodily injury are not confidential and shall be made available for public inspection under the CPRA.  Such records include, but are not limited to, investigative reports, photographic, audio, or video evidence, transcripts or recordings of interviews, autopsy reports, and records related to any disciplinary proceedings.  *See* Pen. Code, § 832.7(b)(2).

94.     An actual and immediate controversy has arisen and now exists between plaintiff and defendants related to their respective rights and duties.  Plaintiff is informed and believes, and thereon alleges, that defendants have failed to comply with their duties under the law applicable to disclosure of public records, including but not limited to, their duty to provide public records under article I, section 3(b) of the California Constitution, the CPRA, and Penal Code § 832.7.  Plaintiff contends, and defendants deny, that the City must produce the records

sought by Plaintiff because Plaintiff and the public are entitled to those records pursuant to Penal Code § 832.7(b)(1)(A)(i)-(ii), the CPRA, and the California Constitution.

95.     Plaintiff desires a judicial determination of her rights and defendants' duties under the above-mentioned laws.  A judicial declaration is necessary and appropriate at this time, so that Plaintiff may ascertain her rights and defendants' duties under the law.

96.     Plaintiff desires a judicial determination, declaration, and order that defendants are required to produce all responsive records pertaining to the October 31, 2019 incident involving Francis Calonge and Officer Carboni, as well as other SJPD personnel.

97.     Defendants' failure to comply with state law regarding access to public records has caused Plaintiff and the public to suffer irreparable injury.  Unless enjoined by this Court, defendants will continue to unlawfully withhold public records that are subject to disclosure under the law, and will continue unilaterally to grant themselves extensions of time that are not warranted under the CPRA or under the circumstances here.  Plaintiff has no plain, adequate, or speedy remedy at law and is entitled to injunctive relief against defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff has been damaged by the foregoing acts of defendants, and each of them, in an amount according to proof at trial.  Plaintiff seeks as relief, without limitation, the following:

1.     For general damages in an amount according to proof;

2.     For special damages, including but not limited to any funeral expenses, medical expenses and lost earnings, in an amount according to proof;

3.     For civil penalties to the extent allowed by law;

4.     Punitive damages against the individual defendants, as allowed by law;

5.     On the claim for relief under the California Public Records Act, for a declaration, order and judgment that defendants are required to provide the public records requested by plaintiff and make them promptly available to the general public;

6.     On the claim for relief under the California Public Records Act, for an injunction compelling the City to provide the public records requested by plaintiff and make them

1  promptly available to the general public;

2        7.      Attorneys' fees as allowed by law;

3        8.      Costs of suit;

4        9.      Interest as allowed by law; and

5        10.     Such other and further relief as the Court may deem proper.

6

7  DATED:  October 22, 2020                McMANIS FAULKNER

8

9                                          /s/ James McManis
10                                         JAMES McMANIS
                                           ABIMAEL BASTIDA

11                                         Attorneys for Plaintiff

12

13                        **DEMAND FOR JURY TRIAL**

14        Plaintiff hereby demands a jury trial as provided by Amendment VII to the United States

15  Constitution and by Rule 38(a) of the Federal Rules of Civil Procedure.

16

17  DATED:  October 22, 2020                McMANIS FAULKNER

18

19                                          /s/ James McManis
20                                         JAMES McMANIS
                                           ABIMAEL BASTIDA

21                                         Attorneys for Plaintiff

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF; CASE NO.