UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINA CALONGE,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, and others,<br><br>  Defendants. | Case No. 20-cv-07429-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF 14 |

Defendants City of San Jose and Officer Edward Carboni move to dismiss Plaintiff Rosalina Calonge's Fourteenth Amendment, Bane Act, and California Public Records Act claims. ECF 14. After evaluating the parties' briefing, the Court grants Defendants' motion to dismiss as to Plaintiff's Bane Act claim on her own behalf and denies the motion as to the remaining claims.

**I.  BACKGROUND**

According to Plaintiff's complaint, the relevant events unfolded as follows. *See* ECF 15. On October 31, 2019, Decedent Francis Calonge told Plaintiff that he was going to visit a friend but that he would be back later that evening. *Id.* at ¶ 15. That afternoon, San Jose Police Department officers arrived at the intersection of Jackson Avenue and McKee Road, responding to a report of someone brandishing a gun. *Id.* at ¶ 16. Decedent was walking near that intersection away from the direction of the police officers. *Id.* at ¶ 17. Decedent did not draw a firearm or make threatening gestures. *Id.* A police vehicle

and six on-foot officers followed Decedent as he walked away. *Id.* at ¶ 18. Decedent did not respond to the officers' verbal commands. *Id.* Decedent suffered from schizophrenia for many years and may have been in the midst of a psychotic episode. *Id.* at ¶ 17. As Decedent continued to walk away, Officer Carboni positioned himself against a tree and ordered his fellow officers to get out of his way so that he could shoot Francis when there was an adequate "backstop." *Id.* at ¶ 19. Officer Carboni then fired his rifle and shot Decedent in the back, killing him. *Id.* Decedent was not posing an imminent threat to the officers, and Officer Carboni did not warn him that he was going to use lethal force. *Id.*

Plaintiff is Decedent's mother. ECF 1 at ¶ 7. Both Plaintiff and Decedent were residents of San Jose, California. *Id.* at ¶¶ 6-7. The City of San Jose is a public entity duly authorized and existing as such in and under the laws of the State of California. *Id.* at ¶ 8. Officer Carboni is the SJPD officer who shot and killed Decedent. *Id.* at ¶ 10. Nominal Defendant, Francisco Calonge, is Decedent's father. ECF 22 at 2. Francisco Calonge filed a separate suit, No. 21-cv-00090-NC, which the Court has related to the instant case. ECF 28. All named parties have consented to the jurisdiction of a magistrate judge, under 28 U.S.C. § 636(c). *See* ECF 11, ECF 13, ECF 33.

In October 2020, Plaintiff sued Defendants for: (1) violations of the Fourth Amendment, California's Bane Act, and battery as Decedent's successor in interest, and (2) violations of the Fourteenth Amendment, wrongful death, California's Bane Act, and the California Public Records Act on her own behalf. *Id.* at ¶¶ 31-97. On January 4, 2021, Defendants brought this motion to dismiss Plaintiff's Fourteenth Amendment, California Public Records Act, and Bane Act claims. ECF 14.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Fourteenth Amendment Claim

An individual can bring a claim against a state or local official for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must: (1) allege the violation of rights secured by the Constitution and federal laws, and (2) show that the alleged deprivation was committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law when they exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

If a plaintiff is asserting a § 1983 claim for deprivation of their right to familial association under the Fourteenth Amendment, they must show that the official's conduct "shocks the conscience." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). A plaintiff can show that an official's conduct "shocks the conscience" by showing "deliberate indifference" or a "purpose to harm." *Id.* The "deliberate indifference" test applies "only when actual deliberation is practical." *Id.* (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)). In contrast, the higher "purpose to harm" test applies in

3

situations requiring "fast action" or when officials have competing obligations. *Id.* at 853.

In her complaint, Plaintiff alleges that the "deliberate indifference" standard applies to this case. *See* ECF 1 at ¶¶ 39-44. When applying the "deliberate indifference" standard, a plaintiff need only show that the officers had the "opportunity for actual deliberation." *See Porter*, 546 F.3d at 1138. In her complaint, Plaintiff alleged that Decedent was walking away from the officers at the time of the incident; he did not draw a firearm or make threatening gestures towards the officers; the officers had time to make repeated verbal commands; and Officer Carboni had time to position himself against a tree, order others to move, and wait for an adequate "backstop" before shooting. ECF 1 at ¶¶ 15, 18-19. Viewing these allegations as true, the Court finds that the officers had the opportunity to deliberate before using deadly force, meeting the "deliberate indifference" standard. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim.

### B. Bane Civil Rights Act Claims

The Bane Act allows "any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with . . ." to bring a civil action on their own behalf. Cal. Civ. Code § 52.1(b). To bring a claim under the Bane Act, a plaintiff must show that an officer had the "specific intent" to violate their Constitutional rights. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). The "threat, intimidation, or coercion element of the claim" does not need to be "transactionally independent from the constitutional violation alleged." *Id.*

#### 1. Bane Act Claim as Decedent's Successor In Interest

Defendants assert that Plaintiff's Bane Act claim is not adequately alleged because it relies on her Fourteenth Amendment claim. *See* ECF 14 at 15. The Court finds that Plaintiff's Fourteenth Amendment claim is sufficiently alleged, so this argument fails.

Defendants also assert that the claim is not adequately alleged because Plaintiff's allegations of intent are conclusory. To show intent to violate an individual's rights, the

4

plaintiff must show that the officers "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Reese*, 888 F.3d at 1045 (internal citations omitted). In her complaint, Plaintiff alleged that Defendants shot Decedent in the back before evaluating behavioral cues to determine his mental illness and before using de-escalation tactics, going against the standards established by their police conduct trainings. *See* ECF 1 at ¶¶ 21-22. These allegations are not conclusory, so the Court must take them as true. Taking the allegations as true, Plaintiff sufficiently shows that Defendants' use of force was more than necessary under the circumstances. Thus, the Court denies Defendants' motion to dismiss Plaintiff's Bane Act claim as Decedent's successor in interest.

### 2. Bane Act Claim on Plaintiff's Own Behalf

The Bane Act is not a wrongful death provision. *See Torre v. City of Salinas*, No. 09-cv-00626-RMW, 2010 WL 3743762, at *6 (N.D. Cal. Sept. 17, 2010) (internal citations omitted) ; *see also M.H. v. Cnty. of Alameda*, 62 F. Supp. 3d 1049, 1096 n.11 (N.D. Cal. 2014) (stating "a survival Bane Act claim, unlike a wrongful death Bane Act claim, is permissible."). Here, Plaintiff's asserts a Bane Act claim on her own behalf for Defendants' interference with her fundamental interest in her familial relationship with Decedent. *See* ECF 1 at ¶¶ 58-61. Because the Bane Act does not include a wrongful death cause of action, the Court grants Defendants' motion to dismiss this claim without leave to amend because this pleading cannot be cured by the allegation of additional facts.

### C. California Public Records Act Claim

The California Public Records Act provides that "any public record in the possession of a state or local agency must be disclosed to any citizen unless an exemption applies." Cal. Gov. Code § 6253; *see Whitworth v. Regents of the Univ. of Cal.*, 274 Fed. Appx. 559, 562 (9th Cir. 2008) (internal citation omitted). Plaintiff is bringing a CPRA claim against Defendants for their repeated extensions and failure to produce documents following her request for "any video or audio recordings" from the October 31, 2019 shooting and "any records, including handwritten notes, reports, letters, emails, or

5

1  memoranda relating to the incident." ECF 1 at ¶¶ 74-91. Defendants move to dismiss this
2  claim on several grounds; the Court addresses each argument in turn.

### 1. Jurisdiction to Hear CPRA Claims

Defendants assert that a CPRA claim must be heard in state court, not federal court. ECF 14 at 17. The CPRA states that "any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record." Cal. Gov. Code § 6258. Contrary to Defendants' argument that this CPRA claim must be heard in Santa Clara County Superior Court, where the City of San Jose is located, there is precedent for courts to hear CPRA claims outside of the specific jurisdiction where the claims arose. ECF 14 at 17; *see California Gun Rights Foundation v. Superior Court*, 49 Cal. App. 5th 777, 790 (2020) (concluding that the CPRA "does not limit jurisdiction over a CPRA dispute to the superior court of the county where the disputed records are located. Instead, jurisdiction over CPRA disputes may be exercised by 'any court of competent jurisdiction.'").

The Court can exercise supplemental jurisdiction over Plaintiff's CPRA claim because it arises out of the same case or controversy as her federal law claims. *See* 28 U.S.C. § 1367(1). In their motion, Defendants urge the Court to decline to exercise supplemental jurisdiction because the CPRA issue is a novel and complex issue of state law. *See* ECF 14 at 18. However, Defendants fail to explain the novelty or complexity of the issue. *See id.*; *see also* ECF 17 at 12. Defendants cite to several cases from other California districts in support of their arguments, but the districts appear to be split on the issue. *See* ECF 14 at 18, ECF 17 at 12; *see also Goodin v. City of Glendora*, 380 F. Supp. 3d 970, 997 n.22 (C.D. Cal. 2019) (stating "given that the plain text of the CPRA allows 'any court of competent jurisdiction' to hear CPRA claims, and that this court has supplemental jurisdiction under 28 U.S.C. § 1367, Defendants' argument that this court "has no subject matter jurisdiction" over this claim is unpersuasive." (internal citations omitted)). The Court follows the reasoning in *Goodin*, finding that it is a court of competent jurisdiction and it has supplemental jurisdiction. *See id.* Therefore, Defendants'

6

argument to dismiss Plaintiff's CPRA claim for lack of jurisdiction is denied.

### 2. Timeline and Pace of Production[1]

Defendants also assert that Plaintiff does not have grounds to challenge the City's production timeline and pace of production. ECF 14 at 18-19. The CPRA requires agencies to make records "promptly available" to a requester upon a request that reasonably describes an identifiable record, unless an exemption applies. *See* Cal. Gov. Code § 6253(b). Within ten days of a request, an agency shall determine whether the request seeks copies of disclosable public records in the possession of the agency and shall "promptly" notify the requester of the determination. *Id.* at § 6253(c). This time limit can be extended in "unusual circumstances" by written notice from the head of the agency including their reasons for the extension and an estimated date of determination. *Id.* Any extension cannot extend beyond fourteen days. *Id.* Although, the CPRA does not define "prompt," viewing Plaintiff's allegations as true, she has a plausible claim that the timeliness of Defendants' production does not satisfy a reasonable definition of "prompt."

Finally, Defendants claim that Plaintiff's CPRA request is moot because she will receive the documents she requested through discovery in this case. The Court declines to preemptively declare the issue moot as the discovery has not yet taken place. It is clear to the Court that the CPRA imposes a timeline for production of requested documents, so Plaintiff has grounds to challenge the timeliness of Defendants' document production.

In sum, the Court finds that Plaintiff's complaint sufficiently alleges a CPRA claim. Therefore, the Court denies Defendants' motion to dismiss this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court: (1) GRANTS Defendants' motion to dismiss, without leave to amend, as to Plaintiff's Bane Act claim on her own behalf, and (2) DENIES Defendants' motion to dismiss as to Plaintiff's Fourteenth Amendment claim,

---

[1] The Court notes that Defendants attached supplemental records to their motion to dismiss. ECF 14-2, ECF 14-3. These additional allegations are more appropriate for a summary judgment motion, rather than a Rule 12(b)(6) motion to dismiss, so the Court will not consider the records with this instant motion.

Bane Act claim as Decedent's successor in interest, and California Public Records Act claim.

**IT IS SO ORDERED.**

Dated: March 5, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge