NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN CLOUSE, Chief Deputy City Attorney (228726)
WESLEY KLIMCZAK, Sr. Deputy City Attorney (294314)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for OFFICER EDWARD CARBONI AND
CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSALINA CALONGE, an individual and successor in interest to FRANCIS CALONGE, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, a municipal public entity; EDWARD CARBONI, individually; and, DOES 1-50, inclusive, and DOES 1-50, inclusive,<br><br>Defendants. | Case Number:  5:20-cv-07429-NC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS PURSUANT TO FRCP 54(d)(1)**<br><br>Date:     May 17, 2023<br>Time:    1:00 p.m.<br>Courtroom:  Courtroom 5, 4th Floor<br>Judge:   Hon. Judge Cousins |

## I.     INTRODUCTION

Plaintiff Rosalina Calonge sued Defendants City of San Jose and Officer Edward Carboni (collectively "Defendants") following the fatal shooting of her son, Francis Calonge on October 31, 2019. Plaintiff alleged that Officer Carboni's use of force constituted violations of the Fourth and Fourteenth Amendments and violations of California law (e.g., wrongful death). Plaintiff also alleged that the City violated the California Public Records Act. This Court granted Defendants' summary judgment motion, finding that Officer Carboni was entitled to qualified immunity and dismissing Plaintiff's state court claims for lack of jurisdiction. ECF 96 at 5-6. The Court entered judgment in favor of Defendants on August 29, 2022. ECF 97. Plaintiff appealed the Judgment on September 28, 2022. ECF 100.

On September 12, 2022, Defendants submitted their cost bill, identifying costs in the amount of $8,077.05. ECF 98. Plaintiff objected to the bill of costs. ECF 99. On March 28. 2023, the Clerk taxed costs in the amount of $7,327.05. ECF 102.

## II.     ARGUMENT

Rule 54(d) provides that "costs other than attorneys' fees **shall be allowed** as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d), emphasis added. Rule 54 thus establishes a presumption in favor of a cost award to the prevailing party. *Stanley v. Univ. S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Here, there is no dispute that Defendant is the prevailing party.

Given the presumption established by Rule 54, a court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). In contrast, a court that does not tax costs against the losing party must give specific reasons for its decision because "the court deviates from normal practice…and that deviation triggers the requirement to 'specify reasons'" for denial of costs. *Id*., citing *Mexican-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000) In denying costs, a court must "explain

why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs.'" *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016 1022 (9th Cir. 2000).

The presumption of a costs award is rebutted only in "rare occasion[s] where severe injustice will result from an award of costs." *Save Our Valley v. Sound Transit*, 335 F.3d at 945 (finding that no injustice would result from a costs award of $5,310.55 in case brought pursuant to 42 USC § 1983). The losing party must show why costs should not be awarded. *Id*.

Here, Plaintiff fails to rebut Rule 54's presumption. First, this is not, as she claims, a close or difficult case. The Court granted summary judgment in Defendants' favor, finding that Officer Carboni was entitled to qualified immunity, given that Plaintiff "inadequately demonstrate[d] a clearly established Fourth Amendment right" and "fail[ed] to identify a clearly established Fourteenth Amendment right all together." ECF 96 at 5:26-28.

Second, Plaintiff's claim of indigence is supported solely by her declaration consisting of conclusory statements. Plaintiff identifies a range of figures for her "monthly expenses," but does not offer any substantiation of those figures or even identify what expenses she includes in the figures she has provided. *See* ECF 104-1 (Calonge Decl.) ¶ 4. She also makes the conclusory assertion that payment of the bill of costs "would create a financial hardship for [her] that would severely and negatively impact [her] financial stability." *Id.* ¶ 8. Plaintiff's assertion that "[a]ll [her] income…goes toward [her] rent and living expenses" (*Id.* ¶ 7) is undermined by her pursuing an appeal of this Court's judgment.  See, ECF 100. It appears that Plaintiff did not file a motion for permission to proceed in forma pauperis and that she paid the $505 Court of Appeal filing fee and is paying any other costs associated with the appeal. Even if the Court were to accept Plaintiff's assertion that she is unable to pay the full bill of costs, she has not established that she is unable to contribute an amount less than the full bill, on a monthly basis. In the event the Court is inclined to grant Plaintiff relief, Defendants request that Plaintiff be required to pay the bill of costs in monthly installments.

### III. CONCLUSION

Plaintiff has failed to establish that this is a "rare occasion" that would result in "severe injustice." *See Save Our Valley v. Sound Transit*, 335 F.3d at 945. Accordingly, Defendants respectfully request that the Court deny Plaintiff's request to review the Clerk's taxation of costs.

Respectfully submitted,

Dated: April 18, 2023   NORA FRIMANN, City Attorney

By: */s/Wesley Klimczak*
WESLEY KLIMCZAK
Sr. Deputy City Attorney

Attorneys for CITY OF SAN JOSE and EDWARD CARBONI

# PROOF OF SERVICE

CASE NAME:    Calonge, et al., v. City of San Jose, et al.,

CASE NO.:     5:20-cv-07429-NC

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On April 18, 2023, I caused to be served the within:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS PURSUANT TO FRCP 54(d)(1)**

☒    by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒    by ELECTRONIC TRANSMISSION, through approved electronic service provider CM/ECF, with a copy of this declaration, to an electronic address listed below.

as sent by a transmission report available for printing from the computer.

Addressed as follows:

Mr. James McManis
Mr. Abimael Bastida
Mr. Andrew Keith Parkhurst
MCMANIS, FAULKNER
50 West San Fernando Street
Suite 1000, 10th Floor
San Jose, CA  95113
Phone Number:  (408) 279-8700
Fax Number:  (408) 279-3244
Email: jmcmanis@mcmanislaw.com
       abastida@mcmanislaw.com
       edresser@mcmanislaw.com
       svannorman@mcmanislaw.com
       andrew.parkhurst@pillsburylaw.com

**Attorneys for Plaintiff Rosalina Calonge**

Francisco Calonge, Pro Per
3340 Del Sol Blvd. Unit 70 San Diego, CA 92154.
Telephone: (669) 293-9203
Franciscocalonge320@gmail.com

VIA MAIL

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 18, 2023, at San Jose, California.

*Tracy Duarte*
T. Duarte