1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                        NORTHERN DISTRICT OF CALIFORNIA
9
10
11    ROSALINA CALONGE,                     Case No. 20-cv-07429-NC

              Plaintiff,
12                                          **ORDER GRANTING
                                            PLAINTIFF'S MOTION FOR
13        v.                                REVIEW OF TAXATION OF
                                            COSTS**
14    CITY OF SAN JOSE, and others,
                                            Re: ECF 104
              Defendants.
15

16        Before the Court is Plaintiff Rosalina Calonge's motion to review taxation of costs.

17   Ms. Calonge is the mother of Francis Calonge, who was shot and killed during an

18   encounter with San Jose police.  ECF 1 ("Compl.") ¶ 2.  Plaintiff alleged civil rights claims

19   against Defendants City of San Jose and Officer Edward Carboni (collectively,

20   "Defendants").  However, the present motion arises from Defendants' successful motion

21   for summary judgment, which dismissed Plaintiff's entire case.  Despite Defendants' status

22   as the prevailing party, Plaintiff claims her personal finances, coupled with the public

23   importance of the case, should excuse her from paying Defendants' litigation costs.  Based

24   on Plaintiff's asserted points, the Court GRANTS Plaintiff's motion for review of the

25   taxation of costs, and DECLINES to award costs.

26   **I.    LEGAL STANDARD**

27        Under Federal Rule of Civil Procedure 54(d)(1), "costs – other than attorney's fees

28

*United States District Court*
*Northern District of California*

1    – should be allowed to the prevailing party." The rule creates a presumption in favor of

2    awarding costs to the prevailing party, but courts have the discretion to refuse to award

3    costs. *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir.

4    2000). In light of this presumption, "it is incumbent upon the losing party to demonstrate

5    why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069,

6    1079 (9th Cir. 1999).

7         The court's decision to refuse the award costs must be accompanied by specific,

8    affirmative reasons to support this decision. *Save Our Valley v. Sound Transit*, 335 F.3d

9    932, 945 (9th Cir. 2003). A court may consider several factors in its decision to deny

10   costs, including (1) the substantial public importance of the case, (2) the closeness and

11   difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the

12   plaintiff's limited financial resources, and (5) the economic disparity between the parties.

13   *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). "This is

14   not an exhaustive list of 'good reasons' for declining to award costs, but rather a starting

15   point for analysis." *Id.* (quoting *Ass'n of Mex.-Am. Educators*, 231 F.3d at 593).

16   **II.   DISCUSSION**

17        As a preliminary matter, the parties do not dispute that Defendants are the

18   prevailing parties for purposes of this motion. The crux of Plaintiff's claims concerned the

19   intersection of police use of force and mental health. Civil rights claims under § 1983 are

20   " 'important for safeguarding the rights and safety' of individuals who believe individuals

21   acting in their official capacities have acted illegally." *Berry v. City & Cnty. of San*

22   *Francisco*, No. 17-cv-00056-EDL, 2018 WL 5733680, at *1 (N.D. Cal. Oct. 29, 2018)

23   (quoting *Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016)). Identifying and

24   responding to individuals undergoing mental health crises presents an ongoing challenge to

25   police departments. *See Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001);

26   *Sommers v. City of Santa Clara*, 516 F. Supp. 3d 967, 988 (N.D. Cal. 2021). Cases such as

27   this one may help inform police conduct when addressing such fraught situations, which

28   ultimately inures to the public's benefit. *Berry*, 2018 WL 5733680, at *1. Conversely, the

United States District Court
Northern District of California

2

1    imposition of costs may lead to the opposite result, wherein future civil rights plaintiffs

2    may forgo litigating their claims at the risk of being saddled with thousands of dollars in

3    fees and costs if they lose.  *See Draper*, 836 F.3d at 1088.  Based on the general

4    importance of civil rights litigation, particularly the salient issue presented in this case,

5    coupled with the risk of chilling future claims, the Court finds these factors weigh in favor

6    of denying costs.

7           "Indigency is a factor that the district court may properly consider in deciding

8    whether to award costs." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir.

9    1999).  When analyzing a party's financial resources, "[t]here are no hard and fast rules for

10   assessing a losing party's indigency or inability to pay; district courts should use their

11   common sense in making this determination." *Ayala v. Pac. Mar. Ass'n*, No. 08-cv-0119-

12   TEH, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011) (citing *In re Paoli R.R. Yard

13   PCB Litig.*, 221 F.3d 449, 463–64 (3rd Cir.2000)).

14          Plaintiff submitted a declaration outlining her financial situation.  ECF 104-1.

15   While she presently works full-time as a machinist, "all [her] income . . . goes towards

16   [her] rent and living expenses." *Id.* ¶ 7.  Plaintiff is not enrolled in any governmental

17   financial assistance programs. *Id.* ¶ 6.  To supplement her budget, Plaintiff relies on

18   assistance from her local church on a bi-weekly basis. *Id.*  Based on Plaintiff's

19   representations of her limited financial resources, the Court finds this factor weighs in

20   favor of denying costs.

21   **III.  CONCLUSION**

22          Upon consideration of all the relevant factors, the Court GRANTS Plaintiff's

23   motion for review of the taxation of costs and DECLINES to award costs.

24          **IT IS SO ORDERED.**

25

26   Dated:  May 1, 2023                    _____

27                                          NATHANAEL M. COUSINS
                                            United States Magistrate Judge

28