UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINA CALONGE,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>           Defendants. | Case No. 20-cv-07429-NC<br><br>**ORDER DENYING DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT ON STATE LAW CLAIMS**<br><br>Re: ECF 79, 80, 86, 87, 89, 90 |

Before the Court are Defendants' motion for summary judgment and Plaintiff Rosalina Calonge's motion for partial summary judgment on state law claims stemming from the shooting and killing of Plaintiff's son, Francis Calonge. The parties concede all but one state law claim should proceed to a jury trial. For the reasons below, the Court DENIES both motions for summary judgment and DISMISSES without prejudice Plaintiff's California Public Records Act (CPRA) claim.

### I.    BACKGROUND

The Court provides an abbreviated factual and procedural background as relevant to this order. Decedent Francis Calonge was shot and killed by Defendant Officer Edward Carboni on October 31, 2019. ECF 1 ¶¶ 15, 17. Plaintiff Rosalina Calonge is Francis's mother. ECF 1 ¶ 7. On January 13, 2020, Plaintiff submitted a CPRA request to the San Jose Police Department for certain records related to the events of Francis's killing. ECF 81, Ex. A.

Plaintiff, on behalf of herself and as successor-in-interest to Francis, initiated this action in October 2020. ECF 1. Defendants City of San Jose and Officer Carboni filed a motion for summary judgment on Plaintiff's federal constitutional claims and state law claims. ECF 79. Plaintiff filed a motion for partial summary judgment on her CPRA claim. ECF 80. Both motions were fully briefed. *See* ECF 86, 87, 89, 90. The Court granted in part Defendants' motion on Plaintiff's Fourth and Fourteenth Amendment claims, finding Officer Carboni entitled to qualified immunity, and dismissed without prejudice Plaintiff's state law claims for lack of jurisdiction. ECF 96. Plaintiff appealed. ECF 100. The Ninth Circuit reversed the Court's grant of summary judgment on Plaintiff's Fourth Amendment excessive force claim, reversed the dismissal of Plaintiff's state law claims, and affirmed the Court's grant of summary judgment on Plaintiff's Fourteenth Amendment claim. ECF 110, 111.

Following issuance of the Ninth Circuit's mandate, the parties renewed their cross-motions for summary judgment on the state law claims and the Court heard oral argument on November 20, 2024. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF 11, 13.

## II.     LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings,

discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 572 U.S. 651 (citing *Liberty Lobby*, 477 U.S. at 255).

### III.  DISCUSSION

Defendants move for summary judgment on each of Plaintiff's remaining California state law claims: wrongful death (Third Claim); Bane Act, brought on behalf of Francis Calonge (Fourth Claim);[1] battery (Sixth Claim); and CPRA (Seventh Claim). ECF 79 at 19–24. Plaintiff moves for partial summary judgment on her CPRA claim. ECF 80. At oral argument, the parties agreed Plaintiff's claims for wrongful death, battery, and under the Bane Act should proceed to jury trial. The Court briefly details its agreement that these claims are not suitable for summary judgment before turning to the parties' dispute regarding the CPRA claim.

#### A.  Wrongful Death and Battery (Third and Sixth Claims)

To succeed on a claim for wrongful death under California law, a plaintiff must establish the elements of negligence: "defendants owed a duty of care; defendants breached their duty; and defendants' breach caused plaintiff's injury." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1231 (9th Cir. 2013). "[P]olice officers have a duty to use reasonable care in employing deadly force." *Id.* at 1232 (quoting *Munoz v. Olin*, 24 Cal. 3d 629, 634 (Cal. 1979)). The elements of battery under California law are: "(1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended

---

[1] Plaintiff initially brought an additional Bane Act claim on her own behalf (Fifth Claim), which the Court dismissed, ECF 40, and which she did not appeal, ECF 111.

by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *Lawrence v. City and Cnty. of S.F.*, 258 F. Supp. 3d 977, 998 (N.D. Cal. 2017) (citation omitted).

As alleged, both wrongful death and battery thus require the use of unreasonable force. *See Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1009 (N.D. Cal. 2014). "Claims of excessive force under California law are analyzed under the same standard of objective reasonableness used in Fourth Amendment claims." *Hayes*, 736 F.3d at 1232. Here, the Ninth Circuit concluded "that a reasonable jury could decide that Officer Carboni violated the Fourth Amendment" because, at the summary judgment stage, "the totality of the circumstances plainly did not justify deadly force." ECF 110 at 12. The use of deadly force was therefore "unreasonable." ECF 110 at 14. Defendants therefore cannot establish they are entitled to summary judgment as a matter of law on the wrongful death and battery claims. *See Young v. Cnty. of L.A.*, 655 F.3d 1156, 1170 (9th Cir. 2011) ("Because the Fourth Amendment violation alleged by Young also suffices to establish the breach of a duty of care under California law, we reverse the district court's dismissal of Young's state law negligence claim, as well."); *Estate of Casillas v. City of Fresno*, 342 F. Supp. 3d 990, 1002–03 (E.D. Cal. 2018) (denying summary judgment on claims for wrongful death and battery because they are "coextensive with claims for excessive force under the Fourth Amendment").

**B.     Bane Act (Fourth Claim)**

The Tom Bane Civil Rights Act creates a cause of action where a person "interferes by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States . . . ." Cal. Civ. Code § 52.1(a). A claim under the Bane Act can be premised on the constitutional violation alleged without a showing of a separate "threat, intimidation, or coercion." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). The Bane Act also requires "specific intent" to violate an individual's rights. *Id.* (citation omitted).

Here, Plaintiff brings a claim on behalf of Francis for a violation of the Bane Act

based on Defendants' interference with Francis' rights under the Fourth Amendment.[2] Because the Ninth Circuit determined Defendants were not entitled to summary judgment on Plaintiff's Fourth Amendment excessive force claim, Defendants cannot show they are entitled to judgment as a matter of law on the Bane Act claim as premised on the Fourth Amendment violation. *See Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 519–20 (9th Cir. 2018).

The Court therefore DENIES Defendants' motion for summary judgment on the wrongful death, battery, and Bane Act claims.

### C.   CPRA (Seventh Claim)

In opposition to Plaintiff's partial motion for summary judgment, Defendants renew their arguments that the Court lacks jurisdiction to hear the CPRA claim or, alternatively, should decline to exercise supplemental jurisdiction under 28 U.S.C. §§ 1367(c)(1) and (4). ECF 86 at 9–10. The Court already determined at the motion to dismiss phase that it "can exercise supplemental jurisdiction over Plaintiff's CPRA claim because it arises out of the same case or controversy as her federal law claim" and because the Court "is a court of competent jurisdiction." ECF 40 at 6. At the same time, the Court rejected Defendants' request that the Court decline supplemental jurisdiction because they "fail[ed] to explain the novelty or complexity" of the issue under state law. ECF 40 at 6.

Because the Court concluded exercising supplemental jurisdiction of the CPRA claim here is proper, the only threshold argument remaining is whether the Court should decline supplemental jurisdiction. The Court now decides it is appropriate to do so.

"The district courts may decline to exercise supplemental jurisdiction over a claim" if "the claim raises a novel or complex issue of State law," or if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.

---

[2] Although the Bane Act claim on behalf of Francis was premised on violations of both the Fourth and Fourteenth Amendments, the parties agree the claim should proceed only as to the Fourth Amendment violation because the Ninth Circuit affirmed summary judgment for Defendants on Plaintiff's Fourteenth Amendment claim. ECF 111. The Court therefore DISMISSES the Bane Act claim on behalf of Francis to the extent it relies on an alleged violation of the Fourteenth Amendment.

1  §§ 1367 (c)(1), (4). In urging the Court to decline supplemental jurisdiction over the
2  CPRA claim, Defendants point to the expedited hearing and appellate procedures available
3  for CPRA claims in state court and rely on the reasoning of *Johnson v. City of San Jose*,
4  591 F. Supp. 3d 649, 671 (N.D. Cal. 2022). In *Johnson*, Judge Beth Labson Freeman
5  declined to exercise supplemental jurisdiction over a CPRA claim pursuant to 28 U.S.C. §
6  1367(c)(1) and (4), finding the "[e]ntitlement to records under the CPRA presents a
7  complex issue of California law" and that refiling the CPRA claim in state court "would
8  likely provide a more expedited procedure." *Id.*

9  Defendants' argument that the CPRA claim here raises a novel and complex issue
10 of state law is undermined, in part, by their own summary judgment motion seeking relief
11 on the very same claim. *See* ECF 79 at 19–24. Nonetheless, the Court finds the CPRA
12 claim at issue is not run-of-the-mill. Unlike many CPRA cases, where the party accused of
13 failing to produce materials in response to a CPRA request produces such materials
14 following the start of litigation, Defendants still have not produced certain materials—
15 namely 85 videos—that might be responsive to Plaintiff's request. *See* ECF 80 at 11–12;
16 ECF 86 at 7. The parties dispute whether the CPRA provides a cause of action based on
17 the "timeliness" of production. ECF 86 at 4–5; ECF 90 at 10–12. And seemingly implied
18 in the parties' arguments are other nuanced questions, such as whether delayed production
19 is tantamount to denial of production, and whether Plaintiff has an obligation to narrow
20 which videos she wants Defendants to produce as relevant to her request by consulting an
21 index prepared by Defendants. ECF 80 at 8, 10; ECF 86 at 7, 12. The Court therefore
22 finds it appropriate to decline supplemental jurisdiction over the CPRA claim based on the
23 novel and complex issues of state law at issue here.

24 Given that the CPRA claim might not be entirely disposed of on summary
25 judgment, the parties will also likely achieve faster resolution of this issue by availing
26 themselves of expedited state court procedures—a compelling reason for declining
27 jurisdiction, particularly given that Plaintiff first submitted her CPRA request in early
28 2020. *See Johnson*, 591 F. Supp. 3d at 671; Cal. Gov. Code §§ 7923.100–500.

6

Although the Court could properly decide the CPRA claim at issue, for the reasons stated above it declines to exercise supplemental jurisdiction over the CPRA claim under 28 U.S.C. §§ 1367(c)(1) and (4). As such, the Court DENIES Defendants' and Plaintiff's motions for summary judgment on the CPRA claim, and Plaintiff's CPRA claim is DISMISSED without prejudice to refiling in state court.

## IV.  CONCLUSION

The Court DENIES Defendant's motion for summary judgment on Plaintiff's Third, Fourth, Sixth, and Seventh Claims, and DENIES Plaintiff's motion for partial summary judgment on her Seventh Claim. Plaintiff's Seventh Claim is also DISMISSED without prejudice.

As a result, the following state law claims and federal claim as remanded from the Ninth Circuit will proceed to trial: First Claim brought pursuant to 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment; Third Claim for wrongful death; Fourth Claim for violation of the Bane Act on behalf of Francis Calonge; and Sixth Claim for battery.

**IT IS SO ORDERED.**

Dated: January 15, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge